# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEANNIE CORBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CV-0136-MJR |
| | ) |
| SOUTHERN ILLINOIS HEALTHCARE, | ) |
| GROUP HEALTH PLAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

Plaintiff Corbell obtained coverage under the Southern Illinois Healthcare Group Health Plan ("the Plan") through her husband, who is employed at Southern Illinois Hospital. In July 2006, Corbell suffered serious injuries in an automobile accident. She sought coverage from the Plan for inpatient intensive nursing care, but the Plan denied coverage in October 2006 after finding that the treatment was not medically necessary. According to the complaint, Corbell appealed this decision but the Plan continued to deny her request. However, in February 2007, the Plan allegedly had a change of heart and agreed to provide inpatient intensive nursing care at Southern Illinois Hospital.

Corbell alleges that on April 27, 2007, her doctors sought and obtained pre-approval from the Plan to move Corbell to the Center for Comprehensive Services ("CCS"), which was better equipped to treat her particular injuries. Defendant also granted additional pre-approval requests several times thereafter. However, it later became apparent that the Plan actually considered the treatments to be custodial care for which it would not pay. Corbell claims to have appealed this

decision, but says she never received any response whatsoever.

Corbell filed the above captioned action on February 27, 2008 (Doc. 2), alleging that the Defendant, wrongfully denied coverage of her treatments in violation of the Employee Retirement Income Security Act ("ERISA"). On April 21, 2008, the Plan filed a motion to dismiss under the theory that Corbell failed to exhaust the internal remedies available under the Plan (Doc. 11). The motion to dismiss is now fully briefed. Having fully reviewed the parties' arguments, the Court hereby **DENIES** the Plan's motion to dismiss (Doc. 11).

### B. Analysis

1. Whether Exhibits Convert the Motion to Dismiss to a Motion for Summary Judgment

As a preliminary matter, the Court must determine whether to construe the motion to dismiss as a motion for summary judgment. The Plan offers a number of exhibits in support of its argument that Corbell failed to exhaust available remedies. Though the Plan presents its motion as a motion to dismiss under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, Corbell claims that the inclusion of these exhibits convert it to a motion for summary judgment. **Rule 12(d)** provides that

> If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to **and not excluded by the court**, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In other words, a motion to dismiss is not rendered a motion for summary judgment unless the district court actually considers the additional documents. *See **Berthold Types Ltd. v. Adobe Systems, Inc.**, 242 F.3d 772, 775 (7th Cir. 2001).* Corbell suggests that the Court should disregard this evidence as premature—at the time the motion was briefed, discovery was underway but Corbell had not received full access to her claim file. As a result, Corbell indicated that she desired more

time for discovery before responding to the Plan's exhaustion defemse. The Plan, on the other hand, argues that the Court can consider these documents, because Corbell referred to them in her complaint.

The Court declines to consider these documents at this time for a variety of reasons. First, the motion to dismiss was filed early in the case at a time when Corbell still sought certain discovery that could shed light on the issues at hand. Additionally, exhaustion of internal remedies in ERISA cases is an issue typically raised at the summary judgment stage. The dispositive motions deadline is quickly approaching, and a short delay in making a final determination on this issue will not prejudice the parties. At the summary judgment stage, both Corbell and the Plan should be able to provide the Court with a full briefing of all disputed issues without the need for further discovery.

Accordingly, the Court declines to consider the exhibits at hand and instead construes the Plan's filing as a motion to dismiss.

2. The Scope of the Motion to Dismiss

Next, Corbell asks the Court to consider the motion to dismiss as pertaining only to Count 2. Corbell claims that there is no specific mention of Counts 1 or 3 in the Plan's motion, and that the nature of the motion focuses on Count 2's denial of coverage claim. The Plan states that its motion pertains to all three counts.

First, the Plan argues that Count 3 seeks a declaratory judgment requiring the Plan to provide future coverage for the type of treatment involved in Count 2. The Court agrees. The remedy sought in Count 3 is directly related to the allegations in Count 2. Essentially, Count 3 asks the Court to declare that benefits owed pursuant to the claims asserted in Count 2 are also owed into the future. In other words, the outcome of Count 3 depends on the outcome of Count 2.

The Plan also presents an undeveloped argument that Count 1 does not state a claim

or controversy because the Plan ultimately overturned its original decision not to provide coverage for Corbell's treatment at Southern Illinois Hospital. The Court disagrees with the Plan on this point. Count 1 does allege that the Plan arbitrarily denied coverage for intensive nursing treatment for a period of 84 days. The complaint also includes allegations that despite a full round of internal appeals, the Plan still denied coverage. According to Corbell, it was only later that the Plan changed its position and belatedly decided to start covering the requested treatment. Corbell says that she was harmed by the lack of coverage as she was denied care for nearly three months, which "resulted in a significant setback to her long-term chance for full recovery" (Doc. 2). Accordingly, it appears that she requests more than just coverage for the care requested. And while it is not entirely clear to this Court whether these allegations properly state a claim under ERISA, the parties have not briefed the issue. As a result, the Court deems the motion to dismiss as attacking only Counts 2 and 3.

3. Whether the Complaint Withstands Rule 12(b)(6)

Dismissal is warranted under **Rule 12(b)(6)** if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1965 (2007);** ***EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).** In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in Plaintiff's favor. ***St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).**

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard requires that plaintiffs provide defendants with fair notice of their claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.*, **534 U.S. 506, 512 (2002).** In *Bell Atlantic*, the Supreme Court explained:

> a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

***Bell Atlantic*, 127 S.Ct. at 1964–65 (internal citations omitted).**

Additionally, it is well-settled that a complaint need not anticipate or attempt to overcome potential defenses. ***Doe v. Smith*, 429 F.3d 706, 709 (7th Cir. 2005).** However, if the allegations in the complaint set forth all facts necessary to satisfy an affirmative defense, dismissal under 12(b)(6) may be appropriate. ***United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).**

The affirmative defense raised by the Plan's motion to dismiss is that Corbell failed to exhaust the internal remedies available under the Plan. The Seventh Circuit has explained that ERISA plaintiffs are generally required to exhaust available remedies prior to challenging a denial of their benefits in court. ***Zhou v. Guardian Life Ins. Co. of America*, 295 F.3d 677, 679 (7th Cir. 2002).** However, exhaustion is excused where there is a lack of meaningful access to review procedures or where pursuing such procedures would be futile. ***Stark v. PPM America, Inc.*, 354 F.3d 666, 671 (7th Cir. 2004).**

As failure to exhaust internal remedies is an affirmative defense, a defendant may not use it to obtain dismissal under Rule 12(b)(6) unless the plaintiff's complaint pleads her out of court. ***Honeysett v. Allstate Ins. Co.*, 570 F.Supp.2d 994, 1004 (N.D. Ill. 2008) (citing *Graham v. United Parcel Serv.*, 519 F.Supp.2d 801, 807–08 (N.D. Ill. 2007); *Zhou*, 295 F.3d at 680; *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996); *Bourassa v. Prudential Ins. Co. of Am.*, 2006 WL 30065335, at \*2–3 (N.D. Ill. Oct. 24, 2006)).** Additionally, if a complaint itself indicates that a plaintiff did not exhaust available remedies, dismissal can be avoided if the complaint includes sufficient facts to bring it within one of the two exceptions. ***Id.* (citing *Zhou*,**

**295 F.3d at 680).**

Construing all well-pled allegations and reasonable inferences in Corbell's favor, it is clear that dismissal is not warranted at this time. Corbell specifically states that she filed various administrative appeals with the Plan. With respect to her initial request for coverage for intensive nursing care at Southern Illinois Hospital, she claims that her appeals were entirely exhausted and denied. She further claims that while the Plan later reversed its final decision, she suffered setbacks in recovery as a result of the delay. With respect to her later requests for coverage at CCS, Corbell claims she filed an appeal to which no response has been made, despite the passage of the response deadline provided by the Plan.

The allegations within the complaint survive a motion to dismiss, as they clearly indicate that Corbell exhausted available remedies. Even with respect to her latest internal appeal, Corbell clearly alleges that no response was made within the prescribed time frame. Corbell also argues claims that this refusal to respond indicates that continued appeals would be futile. These allegations at a minimum create a fact question as to the futility of further attempts to exhaust her internal remedies. And while these exhaustion issues might be more fully briefed in a motion for summary judgment, it is clear that the complaint survives the instant 12(b)(6) motion.

### C. Conclusion

Accordingly, the Court hereby **DENIES** the Defendant's motion to dismiss (Doc. 11).

**IT IS SO ORDERED.**

**DATED this 16th day of December 2008.**

                                **s/ Michael J. Reagan**
                                **MICHAEL J. REAGAN**
                                **United States District Judge**